UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABETTE BERIONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IMH ASSETS CORP., INDENTURE TRUSTEE; DEUTSCHE BANK NATIONAL TRUST COMPANY, OWNER TRUSTEE; WILMINGTON TRUST COMPANY AS TRUSTEE FOR SECURITIZED TRUST IMPAC CMB; IMPAC FUNDING CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, AKA "MERS"; BANK OF AMERICA; JAMES LOWELL ANTHONY, LLC; ANTHONY PETER VASILAS AKA RAYMOND JOSEPH VASILAS; JESSIE MENZEL; MTC FINANCIAL INC. dba TRUSTEE CORP; AND DOES 2 THRU 100,<br><br>Defendants. | Case No.: 19cv301-CAB-NLS<br><br>**ORDER GRANTING IN PART MOTIONS TO DISMISS AND REMANDING CASE**<br><br>[Doc. Nos. 6, 8, 13, 14, 16, 32] |

Plaintiff Babette Beriones, appearing pro se, filed this action in state court, and Defendant MTC Financial, Inc. ("MTC") removed it here based on federal question jurisdiction arising out of Plaintiff's claims under the Truth in Lending Act ("TILA") and Homeowners Equity Protection Act ("HOEPA"), and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. [Doc. No. 1.] In five separate motions to

dismiss, each of the defendants now move to dismiss the entire operative first amended complaint ("FAC") for failure to state a claim. Plaintiff has opposed the motions,[1] and the Court deems them suitable for submission without oral argument. As discussed below, the federal claims are dismissed, and this case is remanded to state court.

## I. Legal Standards

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## II. Requests for Judicial Notice

Four of the five motions to dismiss are accompanied by requests for judicial notice [Doc. Nos. 8-2, 13-2, 14-2, and 16-2]. The requests each seek notice of many of the same documents which generally fall into two categories: (1) property records for real property

---

[1] Plaintiff's request for a one-day extension [Doc. No. 32] is **GRANTED**.

located at 7505 Solano Street, Carlsbad, California 92009 (the "Property") including the Deed of Trust for Plaintiff's loan, foreclosure related notices and documents, and deeds reflecting subsequent conveyances of the Property through foreclosure to Defendant James Lowell Anthony, LLC ("JLA") and the current owners; and (2) state court filings related to a 2015 lawsuit filed by Beriones against JLA and others who are not parties here for wrongful eviction, and to an unlawful detainer action filed by JLA against Plaintiff. Plaintiff did not oppose these requests and requests judicial notice of some of the same documents with her opposition briefs. [Doc. No. 28.] Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.Evid. 201. Public property records are the proper subject of judicial notice. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *see also Farber v. JPMorgan Chase Bank N.A.*, No. 12-CV-2367-GPC-BGS, 2014 WL 68380, at *3 (S.D. Cal. Jan. 8, 2014) ("Federal courts routinely take judicial notice of facts contained in publicly recorded documents, including Deeds of Trust, because they are matters of public record, and are not reasonably in dispute."). Courts may also take judicial notice of relevant court records. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (citation omitted)). Accordingly, the parties' requests for judicial notice are granted.

**III. Background**

    **A. The Defendants**

Plaintiffs' claims all arise out of a 2004 loan secured by a deed of trust on the Property, and the subsequent foreclosure on the Property. The defendants generally fall into five categories, commensurate with the five separate motions to dismiss that have been filed:

1. The entities involved in the foreclosure on the Property: Bank of America, N.A. ("BofA"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Deutsche Bank National Trust Co. as Indenture Trustee Under Indenture Relating to IMH Assets Corp. Collateralized Asset-Back Bonds, Series 2004-4 ("Deutsche Bank" and together with BofA and MERS, the "Bank Defendants")[2];
2. The foreclosure trustee: MTC Financial Inc. d/b/a Trustee Corps ("MTC" or the "Foreclosure Trustee");
3. The entities alleged to be the original lender: IMH Assets Corp. ("IMH") and Impac Funding Corporation ("Impac");
4. The entity that purchased the Property from Deutsche Bank after the foreclosure sale: James Lowell Anthony, LLC ("JLA" or the "Purchaser"); and,
5. The individuals who purchased the Property from JLA and currently own the Property: Anthony Vasilas and Jessie Menzel (the "Current Owners").

### B. The Loan

On or around March 8, 2004, Plaintiff obtained a loan in the principal amount of $452,000 secured by a Deed of Trust on the Property. [Doc. No. 8-3.] The Deed of Trust identifies Plaintiff as the borrower, Decision One Mortgage Company, LLC as the lender, Diversified Title Insurance Company as the trustee, and MERS as nominee for the lender and the beneficiary. [*Id.*] On August 13, 2012, MERS assigned the Deed of Trust to Deutsche Bank. [Doc. No. 8-4.]

### C. The Foreclosure

A decade after the loan, on April 28, 2014, MTC filed with the San Diego County Recorder a notice of default and election to sell under the Deed of Trust. [Doc. No. 8-6.] On November 14, 2014, MTC filed with the County Recorder a Notice of Trustee's Sale indicating a sale date of December 16, 2014. [Doc. No. 8-8.] According to the Trustee's

---

[2] According to Deutsche Bank, it was erroneously identified as "Deutsche Bank National Trust Company, Owner Trustee; Wilmington Trust Company as Trustee for Securitized Trust Impac CMB" in the FAC.

Deed Upon Sale filed with the County Recorder's office, the Property was sold to Deutsche Bank at a public auction on December 16, 2014 for $753,267.51. [Doc. No. 8-9.]

### D. The Subsequent Conveyances of the Property and Related Litigation

On March 26, 2015, Deutsche Bank conveyed the Property by grant deed to JLA. [Doc. No. 8-10.] On August 6, 2015, JLA filed a complaint for unlawful detainer against in San Diego County Superior Court against Beriones. [Doc. No. 14-2 at 44-46.] On August 28, 2015, Beriones filed a state court complaint against JLA and others who are not parties here. [*Id.* at 58-79.] Beriones's complaint asserted causes of action for: (1) lack of standing/wrongful eviction; (2) abuse of legal process; (3) fraud in the concealment; (4) intentional infliction of emotional distress; (5) slander of title; (6) cancellation of instruments; and (7) declaratory relief. [*Id.*] The state court dismissed Beriones's complaint without leave to amend on December 3, 2015. [*Id.* at 174-75.] On February 3, 2016, JLA conveyed the Property by grant deed to the Current Owners. [Doc. No. 8-11.]

Meanwhile, JLA's unlawful detainer action bounced back and forth between the trial court and the appellate division. The trial court originally entered judgment for JLA. [*Id.* at 145-46.] The appellate division reversed and remanded, directing the trial court to enter judgment in favor of Beriones. [*Id.* at 177-79.] On remand the trial court entered a judgment in favor of Beriones for $6,600 in restitution from JLA and the other plaintiffs in the unlawful detainer action. [*Id.* at 183-85.] The trial court's February 10, 2017, order also stated:

> The evidence showed that Deutsche Bank foreclosed on the subject property after defendants failed to make several mortgage payments on the property in 2014-2015. Plaintiff [JLA] then bought the property on March 26, 2015 from Deutsche Bank at an on line auction, paying consideration for same to Deutsche Bank. Plaintiff then served defendants with a Notice to Quit on July 30, 2015. Defendants [Beriones and a co-defendant] remained in possession of the property. On September 11, 2015 a Writ of Possession of Real Property was issued on the subject property, and defendants left the property, pursuant to the Writ, shortly thereafter.

> Defendants' request that title to the subject property be restored to them is respectfully denied. There was insufficient evidence presented at the hearing showing defendants possess valid title to, or a valid ownership interest in the subject property. Plaintiff is the second owner post foreclosure, having bought the property from [Deutsche Bank], post-foreclosure, at an on-line auction. There was no evidence presented showing Deutsche Bank's foreclosure on the property for nonpayment of mortgage payments by plaintiffs was improper.

[*Id.* at 183-85; Doc. No. 28 at 41-43.] Beriones appealed, and the appellate division affirmed the trial court's order on May 22, 2018. [Doc. No. 14-2 at 188-94.]

### E. This Lawsuit

On December 17, 2018, Plaintiff filed this lawsuit in San Diego County Superior Court, and one week later, she filed the FAC. The FAC asserts ten causes of action against all Defendants: (1) lack of standing/wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violation of TILA and HOEPA; (9) violation of RESPA; and (10) rescission. On February 12, 2019, MTC removed the lawsuit to this court on the basis of federal question jurisdiction resulting from the eighth and ninth claims for TILA and RESPA violations. All defendants now move, in five separate motions, to dismiss the FAC in its entirety.

## IV. Discussion

Defendants removed this case to federal court on the basis of federal question jurisdiction due to the TILA and RESPA claims. There is no diversity jurisdiction because Plaintiff and several Defendants are citizens of California. As discussed below, the federal claims are time-barred. Having dismissed those claims, the Court declines supplemental jurisdiction over the remaining state law claims and remands this case to state court.

### A. Violation of TILA and HOEPA

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and

unfair credit billing and credit card practices." 15 U.S.C.A. § 1601(a). The Homeowners Equity Protection Act ("HOEPA") "is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (citation omitted). "Any request for damages under TILA or HOEPA is subject to a one-year statute of limitations (15 U.S.C. § 1640(e)) and a claim for rescission is subject to a three-year statute of limitations (15 U.S.C. § 1635(f)). A TILA or HOEPA violation occurs at the time the loan documents are signed." *Casas v. Wells Fargo Bank N.A.*, No. 5:12-CV-01742-EJD, 2012 WL 5877641, at *4 (N.D. Cal. Nov. 20, 2012) (citing *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003)). With respect to a claim for damages under TILA, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). "Equitable tolling does not apply to rescission claims under TILA." *In re Brewster*, No. 5:13-CV-505-ODW, 2013 WL 4833707, at *2 (C.D. Cal. Sept. 9, 2013). "Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (citing 15 U.S.C. § 1635(f)).

Here, Claim Eight of the FAC appears to seek damages for a TILA violation, and Claim Ten appears to seek rescission as a result of a TILA violation. Plaintiff, however, entered into the loan here in 2004, and did not file this lawsuit until 2018, more than a decade after the statute of limitations expired for either claim. Further, the FAC contains no allegations supporting any tolling of her TILA damages claim, and "[m]ere allegations of TILA violations do not toll the statute . . . ." *In re Brewster*, 2013 WL 4833707, at *2. In her opposition briefs, Plaintiff offers no facts or argument as to why tolling should apply, and considering the passage of time since foreclosure of the Property (let alone since the loan itself), and Plaintiff's extensive litigiousness following foreclosure, nothing could

7

have prevented Plaintiff from, at some point over the past decade and a half, "comparing her loan contract and the initial disclosures with TILA's statutory and regulatory requirements." *Id.* (citing *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996)). Accordingly, this claim is time-barred.

### B. Violation of RESPA

"Any claim under RESPA is subject to a one- or three-year statute of limitations, depending on the violation, running from the occurrence of the alleged violation." *Agraz v. Golden Empire Mortg., Inc.*, No. CV 16-7088 PA (ASX), 2016 WL 10931430, at *4 (C.D. Cal. Dec. 9, 2016), aff'd, 707 F. App'x 916 (9th Cir. 2017) (citing 12 U.S.C. § 2614). Plaintiff's RESPA claim arises out of her original loan transaction and subsequent securitization of the loan. Thus, considering that the foreclosure occurred four years before Plaintiff filed her complaint here, this claim has long-since expired. Further, for the same reasons discussed above with respect to the TILA claims, there are no facts suggesting that any equitable tolling should apply. At a bare minimum, Plaintiff was on notice to investigate any possible RESPA claim upon receipt of the notice of default in 2014. Accordingly, this claim is time-barred as well.

### C. Supplemental Jurisdiction

Having dismissed Plaintiff's federal claims, the Court's "decision of whether to exercise supplemental jurisdiction over the remaining state law claims 'is purely discretionary.'" *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG (CAB), 2011 WL 3489955, at *4 (S.D. Cal. Aug. 9, 2011) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); *see also Holt v. First Franklin Fin. Corp.*, No. C 10-5929 SBA, 2011 WL 4595195, *4 (N.D. Cal. Sept. 30, 2011) ("When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.") (citing 28 U.S.C. § 1367(c)(3)).

Here, because the Court is dismissing the only federal claims at the outset of the litigation, it is more appropriate to decline supplemental jurisdiction over the state law

claims than to wade into the plainly state law issues at the heart of this case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).

## V. Disposition

As discussed above, the motions to dismiss are **GRANTED IN PART** with respect to Plaintiff's TILA and RESPA claims because those claims are time-barred. The Eighth and Ninth causes of action in their entirety, and the Tenth cause of action to the extent it is premised on a TILA violation, are **DISMISSED WITH PREJUDICE**. Because the Court declines to exercise supplemental jurisdiction over the remaining state law claims, this case is **REMANDED** to state court.

It is **SO ORDERED.**

Dated: April 16, 2019

Hon. Cathy Ann Bencivengo
United States District Judge